**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2730
_____

UNITED STATES OF AMERICA

v.

JUSTIN A. RODRIGUEZ,
                    Appellant

_____

On Appeal from the United States District Court for the
District of New Jersey
(District Court No. 2-20-cr-01064-001)

District Judge: Honorable Stanley R. Chesler

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 9, 2024
_____

Before: BIBAS, FREEMAN, and RENDELL, *Circuit Judges*.

(Filed: July 24, 2024)

_____

O P I N I O N*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**RENDELL**, *Circuit Judge.*

Appellant Justin Rodriguez argues that he was denied a fair trial in violation of the Sixth Amendment when the District Court read a bifurcated portion of the indictment to a jury venire panel, and that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him. These arguments lack merit, so we will affirm.

I

In 2018, Rodriguez was convicted of a state felony drug-trafficking offense, and in July 2020, police found drugs and three guns in Rodriguez's car. A federal grand jury indicted Rodriguez, charging him with unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). The District Court proceeded with a trial in which the jury's consideration of the elements of the § 922(g)(1) charge would be bifurcated. In the first phase of the trial, the jury would consider whether Rodriguez possessed a firearm, and in the second phase it would consider the full § 922(g)(1) charge. During its preliminary instructions to the venire panel in advance of jury selection, the District Court stated that Rodriguez was "charged with a violation of Title 18 United States Code Section 922(g)(1), which is unlawfully possessing a firearm and ammunition knowing that he is a convicted felon." App. 23. During a sidebar, defense counsel argued that Rodriguez had been unfairly prejudiced by the District Court's reading of the full charge, notwithstanding the bifurcated trial. The District Court then stated to the venire panel,

2

[b]efore we go any further, what I explained was what the charge is. It is the government's burden to prove that charge . . . . This defendant, as every defendant, is presumed to be innocent unless and until the government proves guilt beyond a reasonable doubt. So when I asked you that question, it was simply to find out if there was something about the nature of the charges, given your background, which would make it difficult or impossible for you to be fair in deciding whether or not the defendant was guilty of the charges I just described.

App. 27.

Before the trial commenced, the defense moved for a mistrial based on the District Court's preliminary statements to the panel. The District Court denied the motion. However, before opening statements, the District Court stated to the jury, "[y]esterday when I was explaining the nature of the case, I made a mistake and incorrectly described the charges in the case. . . . [W]ith regard to this particular matter I'm instructing you to put out of your mind what I previously said and tell you that this is indeed the correct statement of what this case is all about." App. 146. During its subsequent reading of the charges to the jury, the District Court described the 18 U.S.C. § 922(g)(1) charge as "unlawful possession of a firearm[ ] and ammunition." App. 146.

On May 10, 2022, the jury convicted Rodriguez on the 21 U.S.C. § 841(a)(1) and (b)(1)(C) charge and acquitted him of the 18 U.S.C. § 924(c)(1)(A)(i) charge. The jury also found that Rodriguez knowingly possessed a firearm. The parties then stipulated that in July 2020, Rodriguez knew he was a convicted felon. The jury deliberated on the § 922(g)(1) count and returned a guilty verdict.

3

On February 8, 2023, the District Court sentenced Rodriguez to 92 months' imprisonment. Rodriguez did not challenge the constitutionality of 18 U.S.C. § 922(g)(1) in the District Court.

II[1]

A

Rodriguez claims that he was denied a fair trial in violation of the Sixth Amendment because the District Court initially read the entirety of the § 922(g)(1) charge to the venire panel. This Court reviews a district court's denial of a mistrial for abuse of discretion. *United States v. Noble*, 42 F.4th 346, 354 n.9 (3d Cir. 2022).

No abuse of discretion occurred here. There was only a single instance where the District Court read the full charge to the venire panel. The District Court's statement neither confirmed that Rodriguez had been previously convicted of a felony nor revealed the nature of the prior felony conviction. Before opening statements, the District Court explained to the petit jury that it had "incorrectly described the charges in the case" and instructed the jury to "put out of your mind" what it had previously said. App. 146. The District Court then restated the charges without mentioning the bifurcated felony element. This curative instruction cured the earlier misstatement, and we presume that the jury followed the instruction. *See United States v. Hakim*, 344 F.3d 324, 326 (3d Cir. 2003).

Rodriguez relies on *United States v. Coleman*, 552 F.3d 853 (D.C. Cir. 2009), to make his Sixth Amendment argument. However, *Coleman* is distinguishable. There, the

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. This Court has jurisdiction under 28 U.S.C. § 1291.

district court read the unredacted indictment to a pool of prospective jurors, including a statement that the defendant had previously been convicted of "a crime of violence, that is, robbery with a deadly weapon" and "a crime of violence, that is, escape." *Id*. at 857. The D.C. Circuit Court of Appeals held that it was reversible error for the district court to read the unredacted indictment when the defendant had offered to stipulate to his felon status and the evidence against the defendant was not strong. *Id*. at 859. The *Coleman* court concluded that the defense had been "incurably compromised." *Id*. at 860.

We have a different situation here. Unlike the district court in *Coleman*, the District Court did not reveal any details of Rodriguez's prior felony conviction. The District Court misstated to the venire panel that Rodriguez was charged with having a felony conviction, but it corrected itself to the petit jury, omitting any reference to the felony element in the first phase of the trial. And the prosecution presented strong evidence of firearm possession during that phase. Therefore, the District Court acted within its discretion in denying Rodriguez's motion for mistrial.

B

Because Rodriguez did not raise his Second Amendment challenge before the District Court, we review for plain error pursuant to Federal Rule of Criminal Procedure 52(b). For Rodriguez to succeed under the plain error standard of review, he must demonstrate that (1) there was an error that was not affirmatively waived; (2) the error is clear or obvious, and not subject to reasonable dispute; and (3) the error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If a defendant satisfies all three parts of the test, we have the discretion to correct the error, but only if it

5

"seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)). "Whether an error is plain must be evaluated based on the state of the law while the case under review is on appeal." *United States v. Dorsey*, 105 F.4th 526, 530 (3d Cir. 2024) (citing *United States v. Henderson*, 64 F.4th 111, 120 (3d Cir. 2023)).

Citing *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022) and *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (en banc), *cert. granted, judgment vacated sub nom. Garland v. Range*, ___ S. Ct. ___, No. 23-374, 2024 WL 3259661 (July 2, 2024), Rodriguez urges us to hold that § 922(g)(1) is clearly unconstitutional as applied to him. The Supreme Court issued *Bruen* one month after Rodriguez was convicted, and we issued *Range* four months after Rodriguez was sentenced. However, any error in the District Court is not clear or obvious under the cited cases, so Rodriguez's Second Amendment argument fails.

*Bruen* does not help Rodriguez. There, the Supreme Court considered a challenge to a broadly applicable state firearm-licensing regime, *Bruen*, 597 U.S. at 11–12, and explained the standard for applying the second Amendment focuses on the plain text of the Constitution and the "Nation's historical tradition of firearm regulation." *Id.* at 24. However, the opinion did not "cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 81 (Kavanaugh, J., concurring) (quoting *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008)); *accord Bruen*, 597 U.S. at 72 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm.").

As to *Range*, our en banc decision is no longer good law. *See Garland v. Range*, ___ S. Ct. ___, No. 23-374, 2024 WL 3259661 (July 2, 2024) (vacating judgment and remanding to this Court for further consideration). At the very least, the Supreme Court's vacatur of *Range* adds to our conclusion that there can be ongoing and reasonable debate as to whether felons or any individuals similarly situated to Rodriguez may be disarmed consistent with the Second Amendment. *Cf. Dorsey*, 105 F.4th at 532. But even if we were to arrive at substantially the same holding on remand after considering *Range* in light of *United States v. Rahimi*, 144 S. Ct. 1889 (2024), Rodriguez's argument would still fail under plain error review. In *Range*, we applied *Bruen* and held that disarming an individual with a single, 25-year-old, non-violent criminal conviction for fraudulently obtaining food stamps was not consistent with the Second Amendment. *Range*, 69 F.4th at 98, 106. Range also argued that he wished to possess firearms for hunting and self-defense purposes, and, after learning why he was barred from buying a gun, sold his hunting rifle and filed a civil suit to prohibit the enforcement of § 922(g)(1) against him. *Id.* at 99. We determined that Range was among "the people" protected by the Second Amendment and that his request to possess firearms for hunting and self-defense was consistent with *District of Columbia v. Heller*, 554 U.S. 570 (2008). *Range*, 69 F.4th at 101–03. But we stated in *Range* that our holding was a narrow one, *id.* at 106, and we left open the possibility that dangerous felons could be disarmed. *Id.* at 104 n.9; *accord id.* at 110 (Ambro, J., concurring) (joining the majority opinion "with the understanding that it speaks only to [Range's] situation, and not to those of murderers, thieves, sex offenders, domestic abusers, and the like").

7

Rodriguez is not similarly situated to the appellant in *Range*. Rodriguez's prior felony conviction was for a drug-trafficking conspiracy offense, while Range was convicted for welfare fraud. Rodriguez's prior felony conviction was recent, preceding the instant offense by only two years. Indeed, Rodriguez had been participating in, and released to, an alternative to incarceration program, the Intensive Supervision Program, when he committed the instant offense. Finally, Rodriguez's guns were found in close proximity to illegal drugs in his car, and he has failed to argue that he possessed, or wishes to possess, firearms for any lawful purpose.

Accordingly, Rodriguez has not cited to any binding, current caselaw that the Second Amendment prohibits disarming people similarly situated to him, so Rodriguez's challenge does not survive plain error review. *Puckett*, 556 U.S. at 135.

### III

For the reasons stated above, we will affirm.